HONORABLE WHITMAN L. HOLT

JAMES L. DAY (WSBA #20474)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 UNION STREET, SUITE 5000
SEATTLE, WA 98101
Tel: (206) 292-2110
Email: jday@bskd.com
Email: rkeeton@bskd.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| In re | No. 20-01808 |
|---|---|
| KING MOUNTAIN TOBACCO COMPANY, INC., Debtor. | EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, AND SETTING FINAL HEARING |

King Mountain Tobacco Company, Inc. ("Debtor" or "King Mountain"), debtor-in-possession herein, moves the court on an emergency basis ("Motion") pursuant to Bankruptcy Code[1] sections 363(c) and (e), Fed. R. Bankr. P. 4001(b)–(d), and Local Bankruptcy Rule 4001-2, for entry of an order: (1) authorizing, on an interim basis, the Debtor's use of Cash Collateral (as defined below) pending a final hearing; (2) granting, on an interim basis, adequate protection of the security interests of the TTB (as defined below) pending a final hearing; and (3) setting a final hearing on the foregoing matters. This Motion is based upon the records and files herein, and the accompanying Declaration of Truman J. Thompson filed contemporaneously herewith.

---

[1] All references are to the United States Bankruptcy Code and the Federal Rules of Bankruptcy Procedure unless otherwise noted.

EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, AND SETTING FINAL HEARING – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

dj29ch01sr

20-01808-WLH11    Doc 88    Filed 10/29/20    Entered 10/29/20 18:22:39    Pg 1 of 11

# I. SUMMARY

Pursuant to Fed. R. Bankr. P. 4001(b)(1)(B), the Debtor sets forth the following summary of this Motion:

1. <u>Entity with interest in cash collateral</u>: King Mountain seeks authority to use the cash collateral of the Alcohol and Tobacco Tax and Trade Bureau ("<u>TTB</u>").

2. <u>Purposes for the use of cash collateral</u>: The use of cash collateral will allow King Mountain to timely and fully pay its payroll and other operating expenses so as to permit it to continue its ordinary course operations and to maintain its ongoing business for the benefit of its estate and creditors. King Mountain has an immediate need to use cash collateral to maintain, preserve and protect its assets and has provided for adequate protection of the TTB's interests in the cash collateral.

3. <u>Material terms of the use of cash collateral</u>: King Mountain seeks use of cash collateral during the pendency of this case in accordance with its proposed Budget.

4. <u>Liens and Adequate Protection</u>: Adequate protection to be provided to the TTB for use of cash collateral includes:

(a) replacement liens in King Mountain's postpetition assets of the same kind, type, and nature as the prepetition collateral in which the TTB held a lien and in the same validity and enforceability as any prepetition lien in prepetition collateral;

(b) maintenance of insurance on King Mountain's assets; and

(c) to the extent of any diminution in value of the TTB's interest in the prepetition collateral due to cash collateral use which is not otherwise protected by the replacement liens, the TTB shall retain its rights under 11 U.S.C. § 507(b).

EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, AND SETTING FINAL HEARING – Page 2

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

dj29ch01sr

20-01808-WLH11   Doc 88   Filed 10/29/20   Entered 10/29/20 18:22:39   Pg 2 of 11

## II. FACTUAL BACKGROUND

King Mountain commenced its chapter 11 case on September 25, 2020 ("Petition Date"). The Debtor is operating its business and managing its affairs as a debtor-in-possession under 11 U.S.C. §§ 1107 and 1108. No trustee has been appointed in this case. A detailed discussion of the Debtor's business operations and events leading up to this chapter 11 case is set forth in the Declaration of Truman J. Thompson in Support of Debtor's Emergency First Day Motions [ECF No. 5].

### A. The Debtor and its Operations

King Mountain Tobacco Company, Inc. is a Native American owned and operated tobacco grower and product manufacturer based in White Swan, Washington, within the boundaries of the Yakama Nation Reservation. *Thompson Decl.*, ¶ 3. King Mountain was founded and incorporated in 2005 under the laws of the Yakama Nation, and registered as a foreign corporation with the State of Washington. *Id.*

In February 2007, King Mountain received its permit to manufacture cigarettes from the Alcohol and Tobacco Tax and Trade Bureau (the "TTB"). *Id.*, ¶ 4. The permit was first listed for purposes of the tobacco Master Settlement Agreement in Washington State in the fall of 2007. *Id.* King Mountain has since expanded its sales across 12 states. *Id.*

### B. The TTB Federal Tax Lien

Beginning in or around 2009, King Mountain experienced cash flow difficulties resulting from breached agreements with certain distributors that were unable to deliver on promised levels of purchasing and from nonpayment by a large distributor in South Carolina, resulting in a total loss to King Mountain of nearly $16 million in cash flow.

EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM
USE OF CASH COLLATERAL AND GRANTING ADEQUATE
PROTECTION, AND SETTING FINAL HEARING – Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

dj29ch01sr

20-01808-WLH11    Doc 88    Filed 10/29/20    Entered 10/29/20 18:22:39    Pg 3 of 11

*Thompson Decl.*, ¶ 5. These cash flow issues, combined with advice of counsel and King Mountain's firmly held belief regarding the protections guaranteed in the Yakama Treaty, led to its very first failure to pay federal excise taxes ("FET"). *Id.*

In 2011, King Mountain filed a complaint against the United States for injunctive and other relief, arguing that it was not subject to taxation under the General Allotment Act of 1887, 4 Stat. 388, nor the Treaty with the Yakamas of 1855, 12 Stat. 951. The District Court for the Eastern District of Washington ruled in favor of the federal government, upheld the excise taxes imposed by the TTB, and entered a judgment against King Mountain of almost $58 million. The Ninth Circuit Court of Appeals affirmed the judgment, and the United States Supreme Court denied a petition for certiorari in June 2019. As of today, the amount owed on account of unpaid FET exceeds $75 million in principal, interest and penalties. *Thompson Decl.*, ¶ 6.

Notwithstanding these challenges, King Mountain has remained in operation and remains current on all FET and escrow obligations since April of 2013. King Mountain, through counsel, has been in communication with the Department of Justice to work towards an agreement to settle the outstanding debt associated with unpaid FET. During this process, King Mountain provided documents detailing its financial position to show available cash flow for potential repayments. *Thompson Decl.*, ¶ 7.

On behalf of the TTB, on August 25, 2020, the Department of the Treasury sent King Mountain a final notice and demand for repayment of the outstanding FET. According to the government's calculation, the amount owed is $75,467,193.24, consisting of $38,330,298.27 of principal, $18,336,086.92 of interest, $9,135,348.90 for failure to file timely and $9,665,459.15 for failure to pay timely. The government

EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, AND SETTING FINAL HEARING – Page 4

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

dj29ch01sr

20-01808-WLH11    Doc 88    Filed 10/29/20    Entered 10/29/20 18:22:39    Pg 4 of 11

threatened to levy against King Mountain's assets if payment was not made within thirty days of King Mountain's receipt of the demand letter. *Thompson Decl.*, ¶ 8.

King Mountain filed its voluntary chapter 11 petition on September 25, 2020. Unbeknownst to King Mountain at the time of filing, on the afternoon of September 24, 2020, the TTB filed a UCC Financing Statement and Notice of Federal Tax Lien ("Federal Tax Lien") with the State of Washington Department of Licensing ("DOL"). *Thompson Decl.*, ¶ 10. The Federal Tax Lien, if properly perfected, constitutes a prepetition lien in favor of the United States "upon all property and rights to property, whether real or personal," belonging to the Debtor ("Prepetition Collateral"). *See* 26 U.S.C. § 6321.

King Mountain did not receive notice of the Federal Tax Lien until October 15, 2020, almost three weeks after this case was filed. *Thompson Decl.*, ¶ 10. Upon receiving notice of the UCC filing, counsel for King Mountain immediately requested an official copy of the UCC filing from the DOL. *Id.*, ¶ 11. Counsel received an official copy by mail on October 26, 2020. *Id.*, ¶ 12.

### C. Use of Cash Collateral and Adequate Protection

King Mountain requires the immediate use of cash proceeds from the collection of customer contracts and accounts receivable ("Cash Collateral") to fund payroll and related payroll expenses and other fundamental operating expenses, and to otherwise minimize disruption to and avoid termination of its operations, and thereby avoid immediate and irreparable harm to its business pending a final hearing pursuant to Bankruptcy Rules 4001(b)(2) ("Final Hearing"). *Thompson Decl.*, ¶ 13. King Mountain proposes to use Cash Collateral pursuant to the terms set forth herein and the

EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, AND SETTING FINAL HEARING – Page 5

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

dj29ch01sr

20-01808-WLH11    Doc 88    Filed 10/29/20    Entered 10/29/20 18:22:39    Pg 5 of 11

budget attached as **Exhibit A** to the Thompson Declaration (the "Budget").  The Debtor would otherwise not use Cash Collateral for any purpose that is not authorized by the Bankruptcy Code, the Budget, or the order approving this Motion ("Interim Order").

The interests of the TTB will be adequately protected as follows:

   1. Replacement Liens

Pursuant to Sections 361 and 363 of the Bankruptcy Code, King Mountain proposes to provide adequate protection of the TTB's interests asserted in its Cash Collateral by granting the TTB replacement liens in postpetition assets of the same kind, type, and nature as it holds in Prepetition Collateral ("Postpetition Collateral"), including all proceeds of the Postpetition Collateral ("Replacement Liens").  The Replacement Liens will secure the amount of any diminution in the value of the TTB's interests in Prepetition Collateral as a result of King Mountain's use of Cash Collateral.

King Mountain's Budget contains the projected cash expenses for the period of interim Cash Collateral use and beyond.  *Thompson Decl.*, ¶ 15.  The Budget tracks King Mountain's working capital collateral (Cash + A/R + Inventory) ("Working Capital Collateral").  *Id.*  The Working Capital Collateral secures the TTB's Federal Tax Lien.  *Id.*  Specifically, the Budget shows that total Working Capital Collateral will remain stable or increase.  *Id.*

The Replacement Liens would be in addition to the Prepetition Liens, and would remain in full force and effect notwithstanding any subsequent conversion or dismissal of this case.  *Thompson Decl.*, ¶ 16.  The Replacement Liens would be valid, perfected and enforceable security interests and liens on the Debtor's Postpetition Collateral without further filing or recording of any document or instrument or any other action,

EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, AND SETTING FINAL HEARING – Page 6

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

dj29ch01sr

20-01808-WLH11    Doc 88    Filed 10/29/20    Entered 10/29/20 18:22:39    Pg 6 of 11

but only to the extent of Cash Collateral used during the term of the Interim Order and any diminution in value of the Prepetition Collateral, and only to the extent of the enforceability of the TTB's security interests in the Prepetition Collateral. *Id.* Thus, the TTB is adequately protected as to its Federal Tax Lien when the Replacement Liens are taken into account.

## 2. Insurance

The Debtor will continue to maintain insurance on its assets, the same existing as of the Petition Date. *Thompson Decl.*, ¶ 17.

## 3. Superpriority Administrative Expense Claim

Under § 507(b) of the Bankruptcy Code, all obligations subject to the Replacement Liens have priority in payment over all other administrative expenses of the estate other than the Professional Fund (as defined herein), to the extent that the Replacement Liens are insufficient to compensate the TTB for any diminution in the value of its interests as a result of the Debtor's use of Cash Collateral.

## D. Professional Fund

The Replacement Liens shall be subject only to a carveout for the payment of the allowed fees and costs of all professionals retained in this chapter 11 case, and to quarterly fees under 28 U.S.C. § 1930 (the "Carveout"). *Thompson Decl.*, ¶ 18. The Budget contains a line item for the accrual of funds to be deposited into an interest bearing trust account maintained by Bush Kornfeld LLP, King Mountain's general bankruptcy counsel ("Professional Fund") for the payment of these expenses. The purpose of the Professional Fund is to assure that all estate professionals are treated identically and that funds are available to pay administrative expenses incurred during

EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM
USE OF CASH COLLATERAL AND GRANTING ADEQUATE
PROTECTION, AND SETTING FINAL HEARING – Page 7

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

dj29ch01sr

20-01808-WLH11    Doc 88    Filed 10/29/20    Entered 10/29/20 18:22:39    Pg 7 of 11

the case, as allowed by order of this court or (in the case of U.S. Trustee fees) by statute. The Carveout shall apply to all amounts in the Professional Fund as well as funds in any prepetition retainers paid by King Mountain to its professionals. *Id.* To the extent the amounts deposited into the Professional Fund exceed the allowed fees and costs of the respective estate and Committee professionals, such excess funds shall remain subject to the rights of the TTB. *Id.*

### III. LEGAL AUTHORITY

#### A. Use of Cash Collateral

Section 363(c) of the Bankruptcy Code provides that:

(2) The Trustee may not use, sell or lease cash collateral under paragraph (1) of this subsection unless

    (A) each entity that has an interest in such cash collateral consents; or

    (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

Section 363(a) defines "cash collateral" to include "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments, whether existing before or after the commencement of a case under this title." 11 U.S.C. § 363(a).

King Mountain represents that it has insufficient funds to operate unless it uses Cash Collateral, as it holds no unencumbered funds and does not have sources of unencumbered funds, and that the present circumstances require King Mountain to use Cash Collateral in order to maintain its ongoing business for the benefit of its estate and

EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, AND SETTING FINAL HEARING – Page 8

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

20-01808-WLH11    Doc 88    Filed 10/29/20    Entered 10/29/20 18:22:39    Pg 8 of 11

creditors. *Thompson Decl.*, ¶ 19. The use of Cash Collateral will allow King Mountain to continue to operate and to preserve all of the assets of the business, thereby allowing creditors the best opportunity to recover on their claims. *Id.* King Mountain also has an immediate need to use Cash Collateral to maintain, preserve and protect its assets and has provided for adequate protection of the TTB's interests in the Cash Collateral, as described above and discussed below. *Id.* For these reasons, King Mountain respectfully requests the court authorize the use of Cash Collateral pursuant to the terms of the proposed Interim Order filed herewith.

The authority of the Debtor to use Cash Collateral would terminate automatically upon the earlier of (each, a "Change Event") (a) the Debtor's material breach of the Interim Order; (b) entry of an order that stays, reverses, vacates, or modifies the Interim Order in any material respect without the TTB's prior written consent, unless such order otherwise provides; (c) conversion of the Debtor's case to a case under chapter 7 of the Bankruptcy Code; or (d) the appointment of a trustee in this chapter 11 case. Upon the occurrence of a Change Event, the TTB would have the right, but not the obligation, to note a hearing before this court seeking such relief as it may deem appropriate upon seven (7) business days' notice to (i) counsel for the Debtor; (ii) counsel for the Committee or, if no such committee has been appointed, then to the twenty largest unsecured creditors; (iii) the Office of the U.S. Trustee; and (iv) all parties that have requested special notice herein.

## B. Adequate Protection

In exchange for the use of Cash Collateral, the TTB requires adequate protection from the Debtor. Bankruptcy Code section 363(e) provides in relevant part that "on

EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, AND SETTING FINAL HEARING – Page 9

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

request of an entity that has an interest in property used, sold, or leased . . . the court . . . shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). "Adequate protection" is a flexible concept that should be adapted to the circumstances of the case. *See Crocker Nat'l Bank v. Am. Mariner Indus., Inc.* (*In re Am. Mariner Indus., Inc.*), 734 F.2d 426, 430–32, 435 (9th Cir. 1984) (superseded on unrelated issues in *United Savings Assn. v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 108 S.Ct. 626 (1988)). Equitable considerations play a significant role in this analysis. *See, e.g.*, *Albion Prod. Credit Assoc. v. Langley* (*In re Langley*), 30 B.R. 595, 605 (Bankr. N.D. Ind. 1983).

The purpose of adequate protection under Bankruptcy Code § 363 is to compensate a secured party solely for the diminution in value of its collateral. *Qmect, Inc. v. Burlingame Capital Partners II, L.P.*, 373 B.R. 682, 689-90 (N.D. Cal. 2007) citing *In re Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 377, 108 S.Ct. 626 (1988)). Adequate protection payments are not to be used to compensate the creditor for lost interest or to provide lost opportunity costs. *In re Weinstein*, 227 B.R. 284, 296 (9th Cir. BAP 1998) (citing *Timbers*, 484 U.S. 365). Adequate protection is not meant to be a guarantee that a creditor will be paid in full. Instead, the court must determine whether the creditor's interests are protected as nearly as possible against the possible risks to that interest. *In re Ernst Home Ctr.*, 209 B.R. 955, 966 (Bankr. W.D. Wash. 1997); *In re McCombs Properties VI, Ltd.*, 88 B.R. 261, 267 (Bankr. C.D. Cal. 1988)).

To assure that the TTB's interests are adequately protected and to assure no diminution in value of its collateral, the Debtor has proposed to grant the TTB Replacement Liens in Postpetition Collateral of the same type in which its prepetition

EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, AND SETTING FINAL HEARING – Page 10

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

lien attached to the Prepetition Collateral, in the same priority and validity as its prepetition liens, as necessary to secure the diminution in the TTB's interests, if any, as a result of King Mountain's use of Cash Collateral. *Thompson Decl.*, ¶ 20. To the extent of any diminution in value ultimately due to Cash Collateral use not otherwise protected by the Replacement Liens granted herein, the TTB shall retain its rights under section 507(b) of the Bankruptcy Code. *Id.*

The Debtor will also provide for regularly monthly reporting and maintenance of insurance on the Prepetition Collateral. *Thompson Decl.*, ¶ 21. In this regard, the Budget currently projects no deterioration in King Mountain's Working Capital Collateral during the interim period. *Id.* The Budget projects continued, normalized sales projections and payments. *Id.* Thus, the Replacement Liens provide adequate protection of the TTB's interests in the Prepetition Collateral. *Id.*

### III. CONCLUSION

The Debtor has an immediate need to use Cash Collateral to maintain, preserve and protect its assets and have legally provided for adequate protection of the TTB's interests in the Cash Collateral. For these reasons, the Debtor respectfully requests the court authorize the use of Cash Collateral pursuant to the terms of the proposed Interim Order filed herewith, and set a final hearing on these matters.

DATED this 29th day of October, 2020.

BUSH KORNFELD LLP

By  /s/ James L. Day
James L. Day, WSBA #20474
Richard B. Keeton, WSBA #51537
Attorneys for the Debtor-in-Possession

EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM
USE OF CASH COLLATERAL AND GRANTING ADEQUATE
PROTECTION, AND SETTING FINAL HEARING – Page 11

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

20-01808-WLH11    Doc 88    Filed 10/29/20    Entered 10/29/20 18:22:39    Pg 11 of 11