HONORABLE WHITMAN L. HOLT

JAMES L. DAY (WSBA #20474)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 UNION STREET, SUITE 5000
SEATTLE, WA 98101
Tel: (206) 292-2110
Email: jday@bskd.com
Email: rkeeton@bskd.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| In re | No. 20-01808 |
|---|---|
| KING MOUNTAIN TOBACCO COMPANY, INC., <br><br> Debtor. | DECLARATION OF TRUMAN J. THOMPSON IN SUPPORT OF MOTION FOR AUTHORITY TO ENTER INTO INSURANCE PREMIUM FINANCE AGREEMENT AND TO PROVIDE ADEQUATE PROTECTION |

TRUMAN J. THOMPSON declares as follows:

1. I am the Chief Executive Officer and Corporate Vice President of King Mountain Tobacco Company, Inc. ("King Mountain" or "Debtor"), the debtor-in-possession herein. I have personal knowledge of the facts set forth herein, and I am competent to testify to the same. I make this Declaration in support of the Debtor's *Motion for Authority to Enter into Insurance Premium Finance Agreement and to Provide Adequate Protection* (the "Motion").[1]

---

[1] Capitalized terms herein shall have the meaning ascribed in the Motion unless otherwise indicated.

DECLARATION OF TRUMAN J. THOMPSON IN SUPPORT OF MOTION FOR AUTHORITY TO ENTER INTO INSURANCE PREMIUM FINANCE AGREEMENT AND TO PROVIDE ADEQUATE PROTECTION – Page 1

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

dk29jc017d

20-01808-WLH11   Doc 141   Filed 12/10/20   Entered 12/10/20 13:28:26   Pg 1 of 5

2. The Debtor filed its chapter 11 bankruptcy case on September 25, 2020 and has continued to retain control over its assets and to operate its business pursuant to 11 U.S.C. §§ 1107 and 1108. No trustee, examiner, or committee of unsecured creditors has been appointed to serve in this reorganization case.

3. King Mountain is a Native American owned and operated tobacco grower and product manufacturer based in White Swan, Washington, within the boundaries of the Yakama Nation Reservation. King Mountain was founded and incorporated in 2005 under the laws of the Yakama Nation, and is registered as a foreign corporation with the State of Washington.

4. King Mountain received its permit to manufacture cigarettes from the Alcohol and Tobacco Tax and Trade Bureau in 2007. King Mountain has since expanded its sales across 12 states.

5. In the ordinary course of business, King Mountain maintains certain insurance Policies that are administered by multiple third party Insurance Carriers, which provide coverage for, among other things, property insurance, excess property insurance, directors and officers liability and excess liability, general liability, and excess general liability. A detailed list of the Policies relevant to the subject Premium Finance Agreement with FIRST is attached as **Exhibit A**.

6. The Policies are essential to the preservation of King Mountain's business, property, and assets, and, in some cases, such coverage is required by various federal and state laws and regulations, as well as the terms of King Mountain's various commercial contracts.

DECLARATION OF TRUMAN J. THOMPSON IN SUPPORT OF MOTION FOR AUTHORITY TO ENTER INTO INSURANCE PREMIUM FINANCE AGREEMENT AND TO PROVIDE ADEQUATE PROTECTION – Page 2

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

dk29jc017d

20-01808-WLH11    Doc 141    Filed 12/10/20    Entered 12/10/20 13:28:26    Pg 2 of 5

7. PayneWest Insurance serves as King Mountain's insurance broker and also manages its relationships with the Insurance Carriers. Among other things, the Broker assists King Mountain in selecting the appropriate carriers (subject to King Mountain's approval) and represents King Mountain in its negotiations with the Insurance Carriers. Utilization of the Broker has allowed the Debtor to obtain the insurance coverage necessary to operate its business in a reasonable and prudent manner and to realize savings in the procurement of the Policies.

8. Each of the Debtor's insurance Policies renews annually on November 10. The total amount paid on account of annual premiums and payments associated with the Policies is approximately $637,593.62. The Policies provide coverage that is typical in scope and amount for businesses within the Debtor's industry. Maintenance of insurance coverage under the various Policies on an uninterrupted basis is essential to the continued operation of the Debtor's business.

9. Because it is not economically advantageous for the Debtor to pay its insurance premiums on a lump-sum basis, and in an effort to manage cash flows most efficiently, King Mountain has historically financed its insurance premiums pursuant to premium financing arrangements with FIRST Insurance Funding. At this time, the Debtor has secured insurance premium financing from FIRST for the insurance Policies that were due for renewal on November 10, 2020, pursuant to a Premium Finance Agreement between the Debtor and FIRST. A true and correct copy of the Premium Finance Agreement is attached as **Exhibit B**.

10. Under the PFA, FIRST will provide financing to the Debtor for the purchase of the insurance Policies, which are essential for the operation of Debtor's

DECLARATION OF TRUMAN J. THOMPSON IN SUPPORT OF MOTION FOR AUTHORITY TO ENTER INTO INSURANCE PREMIUM FINANCE AGREEMENT AND TO PROVIDE ADEQUATE PROTECTION – Page 3

dk29jc017d

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

20-01808-WLH11    Doc 141    Filed 12/10/20    Entered 12/10/20 13:28:26    Pg 3 of 5

business. The total premium amount is $637,593.62 and the total amount to be financed is $440,754.06. The Debtor will become obligated to pay FIRST the sum of $440,754.06 in addition to a down payment that has already been paid in the amount of $196,839.56 and the balance in ten monthly installments of $45,020.21 each.

11. The Debtor and FIRST have reached an agreement that the adequate protection appropriate for this situation would be as follows:

a. The Debtor be authorized and directed to timely make all payments due under the PFA and FIRST be authorized to receive and apply such payments to Indebtedness owed by the Debtor to FIRST as provided in the PFA; and

b. If the Debtor does not make any of the payments due under the PFA as they become due, the automatic stay shall be modified with respect to FIRST to enable FIRST and/or appropriate third parties (without further order of the court), including Insurance Carriers providing coverage under the Policies, to take all steps necessary and appropriate to cancel the Policies, collect the collateral and apply such collateral to Indebtedness owed to FIRST by the Debtor. In exercising such rights, FIRST and/or appropriate third parties shall comply with the notice and other relevant provisions of the PFA and the terms of any order of this court approving the PFA.

12. The Debtor believes that entry into the Premium Finance Agreement is in the best interests of the estate. In light of its financial circumstances, alternative insurance premium finance companies would likely not be willing to provide insurance premium financing to the Debtor on attractive market terms on a postpetition basis. As a result, it is important the Debtor be authorized to enter into the PFA. The Debtor seeks express authority to enter into the PFA in the ordinary course of business.

DECLARATION OF TRUMAN J. THOMPSON IN SUPPORT OF
MOTION FOR AUTHORITY TO ENTER INTO INSURANCE
PREMIUM FINANCE AGREEMENT AND TO PROVIDE
ADEQUATE PROTECTION – Page 4

dk29jc017d

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

20-01808-WLH11    Doc 141    Filed 12/10/20    Entered 12/10/20 13:28:26    Pg 4 of 5

13. Continuation of the Policies is necessary to protect the Debtor and its estate from material, immediate, and irreparable harm. Termination of the Debtor's insurance Policies would expose the Debtor to direct, uninsured liability for potential losses.

14. If the Debtor is unable to finance its existing insurance Policies, it would be obliged to pay the full premium of $637,593.62 due under the Policies through an upfront cash payment. Such an unanticipated expense would pose a significant drain on the Debtor's operating cash. In light of the importance of both keeping the Policies in place and preserving the Debtor's liquidity, King Mountain believes it is in the best interest of the estate and all parties in interest for the court to approve the Debtor's entry into the Premium Finance Agreement.

I declare under penalty of perjury that the foregoing information is true and correct.

SIGNED this 10th day of December, 2020 at White Swan, Washington.

                         */s/ Truman J. Thompson*
                         Truman J. Thompson

DECLARATION OF TRUMAN J. THOMPSON IN SUPPORT OF MOTION FOR AUTHORITY TO ENTER INTO INSURANCE PREMIUM FINANCE AGREEMENT AND TO PROVIDE ADEQUATE PROTECTION – Page 5

dk29jc017d

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

20-01808-WLH11   Doc 141   Filed 12/10/20   Entered 12/10/20 13:28:26   Pg 5 of 5