Brian Boynton
Acting Assistant Attorney General
William D. Hyslop
United States Attorney
Brian M. Donovan
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

Ruth A. Harvey
Margaret M. Newell
Marissa D. Embola
Trial Attorney
U.S. Department of Justice, Civil Division
PO Box 875
Ben Franklin Station
Washington, District of Columbia 20044
Telephone: (202) 532-3172
Marissa.embola@usdoj.gov
Attorneys for the United States

Honorable Whitman L. Holt
Chapter 11

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

In re:

KING MOUNTAIN TOBACCO COMPANY, INC.,

Debtor.

Case No. 20-01808

**UNITED STATES' OBJECTION TO DISCLOSURE STATEMENT**

*United States' Objection to Disclosure Statement - 1*
*20-01808*

U.S. Department of Justice – Civil Division
P.O. Box 875, Ben Franklin Station
Washington, DC 20044-0875
(202) 532-3172

20-01808-WLH11    Doc 174    Filed 02/03/21    Entered 02/03/21 19:19:26    Pg 1 of 11

The United States of America on behalf of the United States Department of Agriculture ("USDA"), Food and Drug Administration ("FDA"), Small Business Administration ("SBA"), and Bureau of Indian Affairs ("BIA") respectfully submits its objection to Debtor's *Disclosure Statement For Debtor's Plan of Reorganization* ("Disclosure Statement") (ECF No. 155).

PRELIMINARY STATEMENT

The Disclosure Statement lacks adequate information to allow a hypothetical investor to make an informed judgment about the plan as described below. The United States has raised its concerns about the Disclosure Statement with Debtor's counsel, and the parties are in negotiations regarding the Disclosure Statement and Debtor's Plan of Reorganization ("Plan") (ECF No. 156). Debtor's counsel has indicated Debtor's intent to circulate and file an amended disclosure statement and plan of reorganization, but the United States had not received these amendments. In an abundance of caution, the United States files this objection to preserve its opposition to the operative Disclosure Statement.[1]

---

[1] Debtor's counsel agreed to extend the United States' deadline to object through today, February 3, 2021.

*United States' Objection to Disclosure Statement - 2*
*20-01808*

U.S. Department of Justice – Civil Division
P.O. Box 875, Ben Franklin Station
Washington, DC 20044-0875
(202) 532-3172

The United States reserves the right to raise additional objections to any amended disclosure statement or plan filed or circulated in the future.

RELEVANT BACKGROUND[2]

As a tobacco manufacturer, Debtor is subject to an overlapping web of federal and state regulation. In 2014, the United States sued Debtor on behalf of the Commodity Credit Corporation ("CCC") to recover unpaid assessments owed under the Fair and Equitable Tobacco Reform Act of 2004 ("FETRA"), 7 U.S.C. §§ 518-519a.[3] The United States District Court for the Eastern District of Washington ultimately entered judgment for the United States in the amount of

---

[2] The Disclosure Statement does not present specific concerns for BIA, apart from its lack of adequate information concerning Debtor's financial condition and projections; therefore, a relevant background of BIA's involvement in the case is omitted.

[3] FETRA assessments were part of a statutory scheme to help domestic tobacco farmers transition from a pre-existing tobacco subsidy program to a free market. *In re Sandia Tobacco Manufacturers, Inc.*, No. 16-12335-j11, 2018 WL 4964295 at *1-3 (Bankr. D.N.M. Oct. 12, 2018). FETRA assessments were collected from tobacco manufacturers and importers and held in a trust fund within the CCC from which transition payments were made to tobacco farmers. *Id.* The FETRA assessments covered fiscal years 2005 through 2014. *Id.*

United States' Objection to Disclosure Statement - 3       U.S. Department of Justice – Civil Division
20-01808                                                                        P.O. Box 875, Ben Franklin Station
                                                                                     Washington, DC 20044-0875
                                                                                                (202) 532-3172

20-01808-WLH11    Doc 174    Filed 02/03/21    Entered 02/03/21 19:19:26    Pg 3 of 11

$6,425,683.23 plus interest that accrued since August 16, 2016.[4] In September 2018, Debtor and USDA entered into a repayment plan covering $6,363,519.66, the outstanding balance of the District Court judgment at that time. The balance as of the petition date is $5,289,418.88.[5] *See* ECF No. 156 at 12-13.

Earlier that same year, Debtor entered into a repayment agreement with the FDA covering unpaid tobacco user fees owed from 2011 through 2015. *See* 20-01808 Bankr. Claims Register Claim No. 12 (Jan. 28, 2021); ECF No. 156 at 13. The Family Smoking Prevention and Tobacco Control Act or 2009 ("Tobacco Control Act") gives authority to the FDA to regulate the manufacture, distribution, and marketing of tobacco products. 21 U.S.C. § 387 *et seq*. The Tobacco Control Act directs the FDA to assess user fees against tobacco manufacturers and importers based in part on the manufacturer or importer's percentage market share in a particular tobacco class. 21 U.S.C. § 387s.

In April 2020, Debtor applied for and received a Paycheck Protection Program ("PPP") loan for $814,447.00. ECF No. 155 at 13. The Paycheck

---

[4] The judgment can be found at ECF No. 67 in *United States v. King Mountain Tobacco Co., Inc.*, No. 14-cv-3162.

[5] USDA's proof of claim is forthcoming. The United States proffers these statements upon information and belief.

United States' Objection to Disclosure Statement - 4   U.S. Department of Justice – Civil Division
20-01808                                                P.O. Box 875, Ben Franklin Station
                                                        Washington, DC 20044-0875
                                                        (202) 532-3172

20-01808-WLH11    Doc 174    Filed 02/03/21    Entered 02/03/21 19:19:26    Pg 4 of 11

Protection Program was established in March 2020 as part of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). 15 U.S.C. § 636. Through the CARES Act, Congress provided for forgiveness of up to one-hundred percent of PPP loans made to eligible borrowers under the Act who use the loan proceeds for certain covered expenses. *See* Treasury Interim Final Rules ("IFR"), 13 C.F.R. 120 (Oct. 19, 2020).[6] PPP loan forgiveness is a multi-step process: the borrower completes a loan forgiveness application, the lender reviews the application and issues a determination to the SBA, and then the SBA makes a final determination on whether to remit payment to the lender or take other action. *See* IFR, 13 C.F.R. 120. If some or all of the PPP loan is not forgiven, the debtor must repay the lender. Debtor contends that it has applied for forgiveness of its PPP loan. ECF No. 155 at 13. Unless and until the loan is forgiven, Heritage Bank has a general unsecured claim.

---

[6] The United States Treasury Department posted updated Interim Final Rules on January 19, 2021. The updated IFR has not yet been added to the Federal Register. It is accessible at https://home.treasury.gov/system/files/136/PPP--IFR--Loan-Forgiveness-Requirements-Loan-Review-Procedures-Amended-Economic-Aid-Act-1192021.pdf.

*United States' Objection to Disclosure Statement - 5*
*20-01808*

U.S. Department of Justice – Civil Division
P.O. Box 875, Ben Franklin Station
Washington, DC 20044-0875
(202) 532-3172

20-01808-WLH11    Doc 174    Filed 02/03/21    Entered 02/03/21 19:19:26    Pg 5 of 11

# ARGUMENT

"The purpose of a disclosure statement is to give all creditors a source of information which allows them to make an informed choice regarding the approval or rejection of a plan." *Duff v. United States Tr. (In re Cal. Fid.)*, 198 B.R. 567, 571 (B.A.P. 9th Cir. 1996). A disclosure statement must provide adequate information, which is defined as "information of a kind, and in sufficient detail, as far as is reasonably practicable . . . that would enable a hypothetical investor of the relevant class to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1) (defining "adequate information"). When evaluating whether a disclosure statement contains adequate information, "the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information." *Id.*

Here, the Disclosure Statement (1) misstates the amount of the FDA and USDA's claims (and contradicts the amounts stated in the plan), (2) fails to inform creditors that any forgiveness of Debtor's PPP loan is ultimately determined by the SBA, and (3) lacks adequate information concerning Debtor's financial condition and the assumptions underlying its 5-year projections. Without this information, creditors are not equipped to make an informed judgment on the Plan.

*United States' Objection to Disclosure Statement - 6*
*20-01808*

*U.S. Department of Justice – Civil Division*
*P.O. Box 875, Ben Franklin Station*
*Washington, DC 20044-0875*
*(202) 532-3172*

20-01808-WLH11    Doc 174    Filed 02/03/21    Entered 02/03/21 19:19:26    Pg 6 of 11

1. **The Disclosure Statement Fails To Accurately State the Amount of the FDA and USDA Claims**

The Disclosure Statement misstates the amount of FDA and USDA's claims based on the repayment agreements each agency entered into with Debtor prior to bankruptcy; therefore, it fails to provide adequate information to creditors. In Article III Section B.3, the FDA and USDA's claims are both listed as $2,520,567.98, the same amount listed as being owed to the State of South Carolina. ECF No. 155 at 12. In fact, FDA and USDA's claims are each larger than the listed amounts, with the USDA's claim being over twice as large. Additionally, the inaccurate claim amounts in the Disclosure Statement contradict the claim amounts stated in the Plan. *Compare Id. with* ECF No. 156 at 13. These errors and contradictions impede creditors' ability to make an informed judgment about whether to accept or reject the plan.

2. **The Disclosure Statement Fails to Inform Creditors that PPP Loan Forgiveness is Ultimately Determined by the SBA**

The Disclosure Statement fails to inform creditors that Heritage Bank has a general unsecured claim for the amount of the PPP loan unless or until the loan is forgiven pursuant to the CARES Act and implementing regulations, policies and procedures.

*United States' Objection to Disclosure Statement - 7*　　U.S. Department of Justice – Civil Division
*20-01808*　　　　　　　　　　　　　　　　　　　　　　P.O. Box 875, Ben Franklin Station
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20044-0875
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(202) 532-3172

20-01808-WLH11    Doc 174    Filed 02/03/21    Entered 02/03/21 19:19:26    Pg 7 of 11

Article III Section B.6 of the Disclosure Statement states that "Debtor has applied for forgiveness of the [PPP] loan and anticipates that it will be forgiven in its entirety by the SBA." ECF No. 155 at 13. Presuming that Debtor's PPP loan will be forgiven, Debtor's Plan of Reorganization excludes SBA from receiving any distributions based on the loan. *See* ECF No. 156 at 15. Creditors should be informed that forgiveness of the PPP loan (over $800,000.00) is not assured and that Heritage Bank may enforce any unforgiven loan amounts against Debtor. Moreover, the Plan should provide for potential distributions to Heritage Bank as a general unsecured creditor instead of unilaterally extinguishing its claim.

**3. The Disclosure Statement Lacks Adequate Information Concerning Debtor's Financial Condition and Financial Projections**

The Disclosure Statement lacks adequate information into Debtor's financial condition and financial projections to allow creditors to reasonably assess the feasibility of the Plan. First, the liquidation analysis in Article VII of the Disclosure Statement fails to include the liquidation value of Debtor's assets, including its affiliate receivables, which hinders the United States' ability to determine whether it would recover more under the Plan than it would in a Chapter

*United States' Objection to Disclosure Statement - 8*
*20-01808*

U.S. Department of Justice – Civil Division
P.O. Box 875, Ben Franklin Station
Washington, DC 20044-0875
(202) 532-3172

20-01808-WLH11   Doc 174   Filed 02/03/21   Entered 02/03/21 19:19:26   Pg 8 of 11

7 liquidation. *See* 11 U.S.C. § 1129(a)(7) (requiring for confirmation of a plan that each impaired class either accept the plan or receive at least as much under the plan as it would receive if the debtor were liquidated).

Second, Debtor has not detailed the assumptions it used to create its 5-year projections nor included financial statements covering the year 2020. The Disclosure Statement states in Article IX Section C: "Projections are based upon a number of *significant* assumptions including, but not limited to recent historical operating results and the terms of the plan . . . Important factors that could cause actual results to differ *materially* to those in the projections include, but are not limited to, the accuracy of the data that form the basis for the projections." ECF No. 155 at 21-22 (emphasis added). Debtor does not otherwise identify these assumptions, even though it specifies that they are significant to its projections. Nor does Debtor provide its financial statements for 2020, even though it specifies that its projections are based in part on recent historical operating results.[7] Since Debtor proposes to fund the unsecured creditors' distributions primarily from its business operations, and the available financial statements suggest Debtor operates

---

[7] Neither does Debtor attest to the accuracy of the data it used to create the projections, presumably its own data, even after stating that the accuracy of the data could cause reality to materially differ from the projections.
United States' Objection to Disclosure Statement - 9  U.S. Department of Justice – Civil Division
20-01808                                              P.O. Box 875, Ben Franklin Station
                                                      Washington, DC 20044-0875
                                                      (202) 532-3172

20-01808-WLH11    Doc 174    Filed 02/03/21    Entered 02/03/21 19:19:26    Pg 9 of 11

with narrow margins, it is important that the United States see a full picture of Debtor's current financial condition. The United States is unable to reasonably assess the feasibility of Debtor's plan without this information.

WHEREFORE, the United States respectfully requests that the Court deny approval of the Disclosure Statement.

Dated: February 3, 2021

BRIAN BOYNTON
Acting Assistant Attorney General

BRIAN M. DONOVAN
Assistant United States Attorney
Eastern District of Washington

 /s/ Marissa D. Embola
RUTH A. HARVEY
MARGERET NEWELL
MARISSA D. EMBOLA (MI Bar No. P82568)
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 875
Ben Franklin Station
Washington, DC 20044-0875
Telephone: (202) 532-3172
E-mail: marissa.embola@usdoj.gov

**Attorneys for the United States of America**

*United States' Objection to Disclosure Statement* - 10
20-01808

*U.S. Department of Justice – Civil Division*
*P.O. Box 875, Ben Franklin Station*
*Washington, DC 20044-0875*
*(202) 532-3172*

20-01808-WLH11    Doc 174    Filed 02/03/21    Entered 02/03/21 19:19:26    Pg 10 of 11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on February 3, 2021, the United States' Objection to Disclosure Statement, together with this certificate of service were filed and served pursuant to the bankruptcy court's ECF system as to ECF filers.

Dated: February 3, 2021

      /s/ Marissa D. Embola
MARISSA D. EMBOLA

*United States' Objection to Disclosure Statement - 11*
*20-01808*

U.S. Department of Justice – Civil Division
P.O. Box 875, Ben Franklin Station
Washington, DC 20044-0875
(202) 532-3172

20-01808-WLH11    Doc 174    Filed 02/03/21    Entered 02/03/21 19:19:26    Pg 11 of 11