DAVID A. HUBBERT
Acting Assistant Attorney General

YEN JEANNETTE TRAN
RIKA VALDMAN
BORIS KUKSO
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-3366 (v) (Tran)
202-514-6056 (v) (Valdman)
202-353-1857 (v) (Kukso)
202-307-0054 (f)
Y.Jeannette.Tran@usdoj.gov
Rika.Valdman@usdoj.gov
Boris.Kukso@usdoj.gov

*Attorneys for the United States of America*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>KING MOUNTAIN TOBACCO COMPANY, INC.,<br><br>Debtor. | Case No. 20-01808-WLH11<br>Chapter 11<br><br>**THE UNITED STATES' OPPOSITION TO DEBTOR'S FIRST AMENDED DISCLOSURE STATEMENT** |

The United States of America, on behalf of the Department of the Treasury, Alcohol and Tobacco Tax and Trade Bureau (the "TTB"), hereby files its opposition to Debtor's First Amended Disclosure Statement (ECF No. 185-1).

Opposition to First Amended
Disclosure Statement
(Case No. 20-01808-WLH11)

The primary purpose of a § 1125 disclosure statement is to provide adequate information to the holders of claims or interests in soliciting their acceptance or rejection of a proposed plan. "Adequate information" is statutorily defined: "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, . . . , that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1).

The adequacy of disclosure statement information is evaluated using numerous factors, including, as relevant here whether it provides: a complete description of the available assets and their value; a liquidation analysis setting forth the estimated return that creditors would receive under Chapter 7; information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders; an estimate of all administrative expenses, including attorney's fees and accountant's fees; the collectibility of any accounts receivable; information relevant to the risks being taken by the creditors and interest holders; the actual or projected value that can be obtained from avoidable transfers; the existence, likelihood and possible success of nonbankruptcy litigation; and the relationship of the debtor with affiliates. *See In re Reilly*, 71 B.R. 132, 134-35 (Bankr. D. Mont. 1987). *See generally* 7 COLLIER

Opposition to First Amended
Disclosure Statement
(Case No. 20-01808-WLH11)

20-01808-WLH11    Doc 189    Filed 02/16/21    Entered 02/16/21 08:25:43    Pg 2 of 10

ON BANKRUPTCY, ¶ 1125.02[2] (Richard Levin & Henry J. Sommer eds., 16th ed.). Even if previously approved by the court, the adequacy of disclosure may be revisited at plan confirmation. *See Official Comm. of Unsecured Creditors v. Michelson (In re Michelson)*, 141 B.R. 715 (Bankr. E.D. Cal. 1992).

Here, while the First Amended Disclosure Statement satisfies some of the United States' objections (ECF No. 169) to the original Disclosure Statement (ECF No. 155), it does not provide adequate information in the following areas and Debtor should be required to supplement the First Amended Disclosure Statement prior to approval.

1. <u>The First Amended Disclosure Statement Does Not Provide Adequate Information About Debtor's Potential Recovery From Related Entities.</u>

While the First Amended Disclosure Statement provides additional information about the business relationship between Debtor and its affiliate entities, Debtor still has not provided adequate information about Debtor's business relationship with its affiliate entities and the potential recovery of funds owed from the affiliate entities, which Debtor valued at over $13 million (ECF No. 185-1 at 11). Specifically, Debtor should address the following issues:

**Repayment of Debt**. <u>First</u>, the First Amended Disclosure Statement identifies three affiliates, Wheeler Fuel Distribution, Wheeler's Pawn Stars, and Wheeler Rock Products, that will fully repay Debtor on a repayment schedule of

equal payments made each calendar quarter over the course of the four to five years from the Effective Date (*Id.* at 18-19). However, no information is provided in the First Amended Disclosure Statement about the financial ability of these affiliates to repay their debts that collectively total about $2.1 million (*Id.* at 11). <u>Second</u>, Debtor identified potential repayment by another affiliate, Wheeler Cattle, based on cattle sales (*Id.* at 19-20). However, no information is provided in the First Amended Disclosure Statement about the financial ability of Wheeler Cattle to repay its debt totaling about $2 million (*Id.* at 11) (e.g, whether cattle is currently for sale, value of the cattle, forecasted cattle sale, other assets to satisfy debt). <u>Third,</u> Debtor has not identified any repayment by its affiliate, Wheeler Logging (*Id.* at 19). However, no information is provided in the First Amended Disclosure Statement about the financial ability of Wheeler Logging to repay its debt totaling about $4.2 million (*Id.* at 11). <u>Fourth</u>, Debtor asserts that its affiliate, Mountain Tobacco Distributing, Inc., has no physical assets and ultimately is not collectible (*Id.* at 17-18). However, no adequate information is provided in the First Amended Disclosure Statement about the financial ability of Mountain Tobacco Distributing, Inc. to repay its debt totaling about $4.7 million (*Id.* at 11).

**Ongoing Business Relationships**. The First Amended Disclosure Statement explicitly identifies four affiliates, Wheeler Fuel Distribution, Wheeler Kountry Korner, Wheeler Smoke N Gas, and Wheeler's Pawn Stars, that Debtor intends to

Opposition to First Amended
Disclosure Statement
(Case No. 20-01808-WLH11)
- 4 -
20-01808-WLH11    Doc 189    Filed 02/16/21    Entered 02/16/21 08:25:43    Pg 4 of 10

do business with in the "foreseeable future" (*Id.* at 18-19). However, Debtor has not explicitly identified in the First Amended Disclosure Statement whether it will continue to do business with its other affiliates, Mountain Tobacco Distributing Inc., Wheeler Logging, Wheeler Rock Products, and Wheeler Cattle.

To provide adequate information regarding the foregoing, Debtor should provide accurate financial data about the affiliate entities' assets and recovery potential in sufficient detail to allow a creditor to make an informed judgment about the proposed plan, including:

a. Identify all affiliate entities that Debtor intends to have on-going business with and provide a complete description of Debtor's on-going business relationship with such affiliate entity on a going forward and post-confirmation basis;

b. Financial statements for affiliate entities that Debtor intends to have on-going business transactions;

c. Financial statements for affiliate entities where Debtor paid start-up costs;

d. For any affiliate entities that owe Debtor on a pre-confirmation receivable, all documents that memorialize any repayment terms and financial statements for these affiliates to determine whether they are capable of making payments; and

Opposition to First Amended
Disclosure Statement
(Case No. 20-01808-WLH11)

e. For any affiliate entities where Debtor made fund transfers (e.g., Mountain Tobacco Distributing Inc. and Wheeler Logging), disclosure of the details of such transfers (e.g., dates of transfers and whether there was consideration for such transfers).

Furthermore, Debtor should explain the reasons that certain accounts may be uncollectible and not just base the assertion on a belief. *See, e.g.*, *In re Multiut Corp.*, 449 B.R. 323, 345 (Bankr. N.D. Ill. 2011).

Additionally, Debtor identifies four affiliates, Wheeler Fuel Distribution, Wheeler Kountry Korner, Wheeler Smoke N Gas, and Wheeler's Pawn Stars, with which Debtor intends to continue business in the foreseeable future and with all arms-length transactions (*Id.* at 18-19). Debtor should disclose the factual basis of its assertion that all transactions with these affiliates are at arms' length.

2. <u>The First Amended Disclosure Statement Does Not Provide Adequate Information About Compensation To Insiders.</u>

In its First Amended Disclosure Statement, Debtor still has not disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any *compensation* for such insider, as required under 11 U.S.C. § 1129(a)(5)(B). The First Amended Disclosure Statement does indicate that Debtor's sole shareholder, Ms. Wheeler, and Secretary, Ms. Blodgett, do not "draw a salary from the Debtor" (*Id.* at 20), but does not disclose whether they are

compensated by Debtor in any other way nor the nature of any compensation in the future.

3. <u>The First Amended Disclosure Statement Does Not Provide Adequate Information In The Liquidation Analysis.</u>

The First Amended Disclosure Statement includes additional information on the liquidation value of its assets, but does not provide adequate information on the facts and assumptions that form the basis of Debtor's estimated liquidation value, that would allow the United States to determine if it would receive more under a Chapter 7 liquidation than under Debtor's proposed Plan. Specifically, the Debtor should address the following issues:

**Surety Bonds**. The First Amended Disclosure Statement states "[d]ebtor is without information as to whether any portion of the tobacco bonds may be refunded if cancelled during the coverage period" (*Id.* at 25). However, there is no information as to whether Debtor has inquired into the refundable value. Debtor should be required to inquire into this matter if it has not done so, and should disclose this information.

**Affiliate Receivables**. The First Amended Disclosure Statement contains scheduled and liquidated values of its affiliate receivables (*Id.*). Debtor states "[a]ffiliates have varying cash flows and limited cash on hand . . . A liquidation of the Debtor would result in only a fraction of the total anticipated repayment, due to

Opposition to First Amended
Disclosure Statement
(Case No. 20-01808-WLH11)

the Affiliates' respective *current financial circumstances*" (*Id.*) (emphasis added). However, no adequate information is provided in the First Amended Disclosure Statement about the asserted scheduled and liquidated values. Debtor should provide the factual basis for its assertions, and financial data about the affiliate entities requested above.

**Inventory and Raw Materials**. The First Amended Disclosure Statement states "[d]ebtor's sale prices of raw tobacco and other raw material take into consideration assumptions of a *very limited market* for raw tobacco…" (*Id.* at 26). Debtor also asserts its processed tobacco is processed into "proprietary blends that are the *exclusive intellectual property* of the Debtor [and that the] processed tobacco on hand has *no value on the open market*" (*Id.*) (emphasis added). Debtor should disclose the factual basis for these assertions.

///

///

///

///

///

///

///

///

Opposition to First Amended
Disclosure Statement
(Case No. 20-01808-WLH11)

- 8 -

WHEREFORE, the United States respectfully requests that the Court deny approval of the Debtor's First Amended Disclosure Statement, as it fails to comply with the requirements of 11 U.S.C. § 1125. Should the Court approve the First Amended Disclosure Statement, the United States requests a discovery schedule for plan confirmation to inquire into, *inter alia*, the issues raised herein.

DATED: February 16, 2021.

> DAVID A. HUBBERT
> Acting Assistant Attorney General
>
> */s/ Yen Jeannette Tran*
> YEN JEANNETTE TRAN
> RIKA VALDMAN
> BORIS KUKSO
> Trial Attorneys, Tax Division
> U.S. Department of Justice
>
> *Attorneys for the United States of America*

Opposition to First Amended
Disclosure Statement
(Case No. 20-01808-WLH11)

## CERTIFICATE OF SERVICE

     I hereby certify that on February 16, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all CM/ECF participants who have thus far appeared in this action.

                                */s/ Yen Jeannette Tran*
                                YEN JEANNETTE TRAN
                                Trial Attorney
                                United States Department of Justice,
                                Tax Division

Opposition to First Amended
Disclosure Statement
(Case No. 20-01808-WLH11)