JAMES L. DAY (WSBA #20474)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 UNION STREET, SUITE 5000
SEATTLE, WA 98101
Tel: (206) 292-2110
Email: jday@bskd.com
Email: rkeeton@bskd.com

HONORABLE WHITMAN L. HOLT

HEARING DATE: Friday, February 19, 2021
HEARING TIME: 10:00 a.m. PST
LOCATION: TELEPHONIC

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re

KING MOUNTAIN TOBACCO COMPANY, INC.,

Debtor.

No. 20-01808-WLH11

DEBTOR'S RESPONSE TO UNITED STATES' OPPOSITION TO DISCLOSURE STATEMENT

King Mountain Tobacco Company, Inc. ("Debtor" or "King Mountain"), debtor and debtor-in-possession herein, files this response ("Response") to the United States' Opposition to Debtor's First Amended Disclosure Statement [ECF No. 189] ("Objection"). For the reasons stated herein, the Objection should be overruled and the Disclosure Statement, as amended, should be approved.

## I. BACKGROUND

The Debtor filed its original Disclosure Statement and Plan of Reorganization on December 31, 2020. The Debtor, through counsel, had discussions with various interested parties, including the United States on behalf of the Department of Treasury, Alcohol and Tobacco Tax and Trade Bureau (the "TTB"), to proactively address

DEBTOR'S RESPONSE TO UNITED STATES' OPPOSITION TO
DISCLOSURE STATEMENT – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

eb16rs01zw

20-01808-WLH11    Doc 192    Filed 02/17/21    Entered 02/17/21 16:53:55    Pg 1 of 12

questions and concerns about the Disclosure Statement. On the afternoon of February 7, 2021, Debtor's counsel sent the redline drafts to counsel for the objecting parties, and on February 8, 2021, the Debtor supplemented the record by filing redline draft versions of a proposed First Amended Disclosure Statement and First Amended Plan of Reorganization.[1] *See* ECF No. 185.

At the February 9 hearing on approval of the Disclosure Statement, counsel for the TTB represented that it needed more time to discuss the proposed First Amended Disclosure Statement with its client. The TTB filed its Objection to the proposed First Amended Disclosure Statement on February 16, 2021, and the Debtor hereby addresses each of the concerns raised therein as follows.

## II. RESPONSE

Pursuant to § 1125, the standard for approval of a disclosure statement is whether it contains "adequate information" regarding a proposed chapter 11 plan. In that regard, § 1125(a)(1) provides in pertinent part that:

> "adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

---

[1] For the avoidance of doubt, the Debtor has filed only a redline draft version of a proposed First Amended Disclosure Statement, and as of the date of this Response, no official amended disclosure statement has been filed. For the purpose of this Response, however, the redline draft version of the Disclosure Statement filed as Exhibit A to ECF No. 185 shall be referred to herein as the First Amended Disclosure Statement.

DEBTOR'S RESPONSE TO UNITED STATES' OPPOSITION TO DISCLOSURE STATEMENT – Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

eb16rs01zw

20-01808-WLH11   Doc 192   Filed 02/17/21   Entered 02/17/21 16:53:55   Pg 2 of 12

11 U.S.C. § 1125(a)(1). Thus, a disclosure statement must, as a whole, provide information that is reasonably designed to permit an informed judgment by impaired creditors or equity or other interest holders entitled to vote on a plan. *See In re Cal. Fidelity, Inc.*, 198 B.R. 567, 571 (B.A.P. 9th Cir. 1996) ("At a minimum, § 1125(b) seeks to guarantee that a creditor receives adequate information about the plan before the creditor is asked for a vote."); *In re Art & Architecture Books of the 21st Century*, No. 2:13-bk-14135-RK, 2016 WL 1118743, at *14 (Bankr. C.D. Cal. Mar. 18, 2016) ("The primary purpose of a disclosure statement is to give creditors and interest holders the information they need to decide whether to accept the plan.") (citing *Captain Blythers, Inc. v. Thompson* (*In re Captain Blythers, Inc.*), 311 B.R. 530, 537 (B.A.P. 9th Cir. 2004)).

In examining the adequacy of the information contained in a disclosure statement, the court has broad discretion. *See Comput. Task Grp., Inc. v. Brotby* (*In re Brotby*), 303 B.R. 177, 193 (B.A.P. 9th Cir. 2003) ("'[T]he determination of what is adequate information . . . is largely within the discretion of the bankruptcy court.'" (quoting *Tex. Extrusion Corp. v. Lockheed Corp.* (*In re Tex. Extrusion Corp.*), 844 F.2d 1142, 1157 (5th Cir. 1988))); *Kirk v. Texaco, Inc.*, 82 B.R. 678, 682 (S.D.N.Y. 1988) ("The legislative history could hardly be more clear in granting broad discretion to bankruptcy judges under § 1125(a)"); *Menard-Sanford v. Mabey* (*In re A.H. Robins Co., Inc.*), 880 F.2d 694, 696 (4th Cir. 1989); *Tex. Extrusion Corp. v. Lockheed Corp.* (*In re Tex. Extrusion Corp.*), 844 F.2d 1142, 1157 (5th Cir. 1988); *see also In re Oxford Homes, Inc.*, 204 B.R. 264, 269 (Bankr. D. Me. 1997) (Congress intentionally drew vague contours of what constitutes adequate information so that

DEBTOR'S RESPONSE TO UNITED STATES' OPPOSITION TO DISCLOSURE STATEMENT – Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

eb16rs01zw

20-01808-WLH11    Doc 192    Filed 02/17/21    Entered 02/17/21 16:53:55    Pg 3 of 12

bankruptcy courts may exercise discretion to tailor them to each case's particular circumstances); *In re Dakota Rail Inc.*, 104 B.R. 138, 143 (Bankr. D. Minn. 1989) (a bankruptcy court has "wide discretion to determine . . . whether a disclosure statement contains adequate information, without burdensome, unnecessary, and cumbersome detail").

Accordingly, the determination of whether a disclosure statement contains adequate information is to be made on a case-by-case basis, focusing on the unique facts and circumstances of each case. *See In re Diversified Inv'rs Fund XVII*, 91 B.R. 559, 561 (Bankr. C.D. Cal. 1988) ("According to the legislative history, the parameters of what constitutes adequate information are intended to be flexible."); *see also In re PC Liquidation Corp.*, 383 B.R. 856 at 866 (E.D.N.Y. 2008); *In re Tex. Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination is largely within the discretion of the bankruptcy court."); *In re Egan*, 33 B.R. 672, 674–75 (Bankr. N.D. Ill. 1983). This discretion provides flexibility and facilitates the effective reorganization of the different types of chapter 11 debtors by accommodating the varying circumstances accompanying chapter 11 cases. *See* H.R. REP. NO. 595, at 408–09, 95th Cong. (1st Sess. 1977). As the statute provides, the adequacy of the information is measured against that necessary to a hypothetical "investor typical of holders of claims or interests of the relevant class" as defined in § 1125(a)(1). The degree of disclosure necessary in a chapter 11 case should therefore be determined with reference to the particular needs and sophistication of each class of creditors. Where (as here) there is a small, sophisticated group of creditors, the need for close judicial scrutiny of the disclosure statement is minimized. *In re Cdeco Maritime Constr., Inc.*, 101 B.R. 499

DEBTOR'S RESPONSE TO UNITED STATES' OPPOSITION TO
DISCLOSURE STATEMENT – Page 4

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

eb16rs01zw

20-01808-WLH11    Doc 192    Filed 02/17/21    Entered 02/17/21 16:53:55    Pg 4 of 12

(Bankr. N.D. Ohio 1989) (holding that adequacy of disclosure statement should be considered in light of a "relatively small and generally sophisticated creditor body.")

In this case, the Proposed First Amended Disclosure Statement meets the applicable standards and provides "adequate information" to allow holders of claims in voting classes to make an informed decision about whether to vote to accept or reject the Plan. This is especially true, given the relatively few but sophisticated creditors that have participated in this case.

### A. The First Amended Disclosure Statement provides adequate information about the Debtor's potential recovery from related entities.

The Debtor's proposed First Amended Disclosure Statement provides ample additional information about the business relationships between the Debtor and its Affiliates. Specifically, in Section III.D., the Debtor has provided detailed explanations of the how certain debts were incurred by the various Affiliates and recorded as intercompany transactions, as well as statements regarding the Debtor's anticipated future business relationships. Importantly, however, because the Plan is in no way dependent upon the collection of the Affiliate Receivables, even more information about each Affiliate's financial condition does not change a creditor's ability to evaluate the Plan's feasibility.

#### 1. *Repayment of Debt.*

First, the TTB objects to the proposed First Amended Disclosure Statement on the basis that insufficient information is provided about the financial ability of certain Affiliates to repay their respective Affiliate Receivables. *See* Objection, at 3–6. As discussed at the February 9 hearing, the Affiliates are separate, distinct legal entities

DEBTOR'S RESPONSE TO UNITED STATES' OPPOSITION TO DISCLOSURE STATEMENT – Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

eb16rs01zw

20-01808-WLH11    Doc 192    Filed 02/17/21    Entered 02/17/21 16:53:55    Pg 5 of 12

(except Wheeler Cattle), and the Debtor cannot compel non-debtor third parties to produce documents, information, and financial statements absent a court order. As noted above, evaluation of the Plan's feasibility is not dependent upon this information. However, if the TTB or other parties genuinely need information for another purpose, there are likely means to request it outside of a disclosure statement objection.

Second, the Plan will be revised to require that, ninety days post-confirmation, Wheeler Cattle will be established as a separate legal entity with its own accounting system and bank accounts. Current intercompany payables representing debts owed by Wheeler Cattle will be transferred to the new entity. All expenses and payroll will be processed through the new entity. Revenue generated by the sale of cattle will be used to cover expenses and repay King Mountain over a five year period starting January 1, 2022. King Mountain has no plans to conduct business with Wheeler Cattle once the new legal entity is established. This information will be added to Section III.D.8 of the Disclosure Statement.

Third, the TTB objects that the Debtor has not provided information about Wheeler Logging regarding its ability to repay its Affiliate Receivable. The Debtor has, in fact, provided sufficient information in Section III.D.6 outlining the history and current business activities of Wheeler Logging. As set forth in the Disclosure Statement, Wheeler Logging no longer has any significant sources of revenue and, based on the timber market on the Yakama Nation Reservation, it does not anticipate this to change in the near future. Further, with respect to avoidance claims against Wheeler Logging, the Debtor has added information in Section III.A.5 as follows:

Wheeler Logging is an entity wholly owned by Trina Wheeler, who is also

DEBTOR'S RESPONSE TO UNITED STATES' OPPOSITION TO
DISCLOSURE STATEMENT – Page 6

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

eb16rs01zw

20-01808-WLH11    Doc 192    Filed 02/17/21    Entered 02/17/21 16:53:55    Pg 6 of 12

the sole owner of the Debtor. Ms. Wheeler is also the sole owner of Wheeler Kountry Korner, which holds a claim against the Debtor totaling $584,136.57. The Debtor made payments to Wheeler Logging totaling $280,000 during the year prior to the Petition Date for management services, the last of which was made some six months prior to the Petition Date. There is presumably an issue as to whether the Debtor received "reasonably equivalent value" for purposes of whether some portion of the payments is avoidable under Bankruptcy Code § 548(a)(1). As a practical matter, the Debtor understands that Wheeler Logging has little income and no ability to pay any sizable judgment against it. Accordingly, the Debtor and Ms. Wheeler have agreed that the potential liability of Wheeler Logging will be resolved by way of the setoff of lease payments that would otherwise be owing to Ms. Wheeler in connection with the New Lease in reduction of the amount owing to Wheeler Kountry Korner, as detailed in Section VII.E.2 of the Plan.

Fourth, the TTB asserts that the Debtor has not provided information about Mountain Tobacco Distributing's ability to repay its respective Affiliate Receivable. To the contrary, the Debtor has substantially expanded the narrative on Distributing and its business model, operations, and relationship to the Debtor, in pertinent part, as follows:

> Distributing was initially contemplated as a break-even company, charging its customers only the amount it was charged by King Mountain for cigarettes, plus the cost of the cigarette stamp. However, initially King Mountain charged more to Distributing for its products than the price Distributing would sell King Mountain products to its Washington State distributors and Tribes. This at times would leave Distributing with insufficient funds to purchase cigarette stamps to affix to cigarettes. In turn, King Mountain, would transfer funds to Distributing to purchase the required stamps. Those transfers were recorded as long-term intercompany transactions. To correct this process, in 2016 King Mountain adjusted its prices charged to Distributing so that Distributing would be at break even and no longer have a loss or negative cash flow. Accordingly, this Affiliate Receivable is ultimately not collectible. King Mountain could reduce its price to Mountain Tobacco, allowing it to make

DEBTOR'S RESPONSE TO UNITED STATES' OPPOSITION TO
DISCLOSURE STATEMENT – Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

eb16rs01zw

20-01808-WLH11    Doc 192    Filed 02/17/21    Entered 02/17/21 16:53:55    Pg 7 of 12

a profit, and the excess funds could be paid to King Mountain to reduce the long-term receivable. However, this would result in a reduced profit to King Mountain and King Mountain's net cash flow would be unaffected.

### 2. *Ongoing Business Relationships.*

As stated in the proposed First Amended Disclosure Statement, the Debtor intends to do business with Wheeler Fuel Distribution, Wheeler Kountry Korner, Wheeler Smoke N Gas, and Wheeler Pawn Stars for the foreseeable future. Additionally, as its primary distributor for off-reservation sales, King Mountain intends to do business with Mountain Tobacco Distributing for the foreseeable future, and the Debtor will add a statement in Section III.D.1 to that effect.

Regarding Wheeler Rock Products, the Debtor has limited need for gravel and concrete products, and as such the Debtor intends to do business with Rock Products on an as-needed basis, with any future transactions between the entities at arms' length. The Debtor will add a statement to Section III.D.7 that effect.

As discussed above, the Debtor has no plans to conduct business with Wheeler Cattle once the new legal entity is established.

**B.** **The First Amended Disclosure Statement provides adequate information about compensation to insiders.**

The TTB objects to the Disclosure Statement to the extent it does not identify compensation for insiders employed or retained by the Debtor. The Debtor asserts this information has been sufficiently disclosed in Section III.E as follows:

> Trina A. Wheeler, the Debtor's 100% owner, is the Manager and President of the Debtor. Truman J. Thompson, the Chief Executive Officer and Chief Financial Officer, is also the Vice President of the Debtor. Terryanna Blodgett is the Secretary of the Debtor. ***Ms. Wheeler and Ms.***

DEBTOR'S RESPONSE TO UNITED STATES' OPPOSITION TO DISCLOSURE STATEMENT – Page 8

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

eb16rs01zw

20-01808-WLH11    Doc 192    Filed 02/17/21    Entered 02/17/21 16:53:55    Pg 8 of 12

***Blodgett do not draw a salary from the Debtor. Mr. Thompson's current compensation for his full-time employment by the Debtor is $180,000 per year, plus quarterly bonuses of $12,500 awarded at the discretion of the Debtor's Manager.*** Mr. Thompson's compensation by the Debtor is commensurate with other professionals possessing the education, experience and knowledge of the regulatory issues unique to the Debtor's industry, and may be adjusted upward or downward on an annual basis to reflect cost of living and then current market conditions.

The Debtor believes this disclosure satisfies both § 1125 and the requirements under § 1129(a)(5)(B).

C. **The First Amended Disclosure Statement provides adequate information in the Liquidation Analysis.**

The TTB asserts the proposed First Amended Disclosure Statement "does provide adequate information on the facts and assumptions that form the basis of Debtor's estimated liquidation value, that would allow the United States to determine if it would receive more under a Chapter 7 liquidation than under Debtor's proposed Plan." As discussed at the February 9 hearing, the Debtor has substantially expanded its liquidation analysis, *see* Section VII, and has included as Exhibit C to the Disclosure Statement a descriptive document outlining the Debtor's assumptions underlying the projections, *see* Section III.H and Exhibit C to the proposed First Amended Disclosure Statement.

 1. *Surety Bonds.*

The TTB objects to the Disclosure Statement to the extent there is insufficient information as to whether the Debtor has inquired into the refundable value of the NPM surety bonds. Objection, at 7. As of the date of this Response, the Debtor has made an inquiry with its broker regarding whether there's refundable value if the bonds are
DEBTOR'S RESPONSE TO UNITED STATES' OPPOSITION TO
DISCLOSURE STATEMENT – Page 9

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

eb16rs01zw

20-01808-WLH11    Doc 192    Filed 02/17/21    Entered 02/17/21 16:53:55    Pg 9 of 12

cancelled during the coverage period. The Debtor is awaiting a response and will provide such information to the TTB and any other requesting party when available. However, this information will not alter the outcome that the Plan satisfies § 1129(a)(7) nor that there is already more than adequate information by which creditors can make that determination.

### 2. *Affiliate Receivables.*

The TTB objects to the Disclosure Statement to the extent the liquidation analysis does not provide adequate information about the scheduled and liquidated values of the Affiliate Receivables. The TTB is again requesting information that could only be drawn from financial statements of non-debtor third party entities, over which the Debtor has no control.

### 3. *Inventory and Raw Materials.*

Finally, the TTB objects to the Debtor's explanations of liquidation value regarding its raw tobacco, raw materials, and processed tobacco. Objection, at 8. Regarding the raw materials, the Debtor's statement that there is a "very limited market for raw tobacco" is to mean that the raw products could likely only be sold to another tobacco product manufacturer, and there are a limited number of tobacco product manufacturers. Regarding the intellectual property, the Debtor filed copies of its trademark and copyright licenses with its Schedule A/B. This intellectual property has not been appraised. The Debtor will not hypothesize on how trademark and copyright laws affect its intellectual property. The standard for approval of a disclosure statement is "adequate information," not "all conceivably possible information."

DEBTOR'S RESPONSE TO UNITED STATES' OPPOSITION TO
DISCLOSURE STATEMENT – Page 10

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

eb16rs01zw

20-01808-WLH11    Doc 192    Filed 02/17/21    Entered 02/17/21 16:53:55    Pg 10 of 12

## III. CONCLUSION

WHEREFORE, for the reasons set forth above, the Debtor respectfully requests the court overrule the United States' Objection and approve the Debtor's Disclosure Statement, as amended.

DATED this 17th day of February, 2021.

BUSH KORNFELD LLP

By  */s/ James L. Day*
James L. Day, WSBA #20474
Richard B. Keeton, WSBA #51537
Attorneys for the Debtor-in-Possession

DEBTOR'S RESPONSE TO UNITED STATES' OPPOSITION TO DISCLOSURE STATEMENT – Page 11

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

eb16rs01zw

20-01808-WLH11    Doc 192    Filed 02/17/21    Entered 02/17/21 16:53:55    Pg 11 of 12

**CERTIFICATE OF SERVICE**

I certify that on February 17, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System which in turn automatically generated a Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF system in this case. The Notice of Electronic Filing for the foregoing identifies all recipients.

                         /s/ Richard B. Keeton
                         Richard B. Keeton

DEBTOR'S RESPONSE TO UNITED STATES' OPPOSITION TO DISCLOSURE STATEMENT – Page 12

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

eb16rs01zw

20-01808-WLH11    Doc 192    Filed 02/17/21    Entered 02/17/21 16:53:55    Pg 12 of 12